Maupin, J.,
concurring:
I concur. In seeking the death penalty, the State alleged three aggravating circumstarfces, to wit: (1) the murder was committed during the commission of or in an attempt to commit robbery; (2) the murder was committed to avoid or prevent lawful arrest; and (3) the murder was committed at random and without apparent motive. The dissent concludes that the failure of the trial jury to find in favor of the State on the first two alleged aggravators is inconsistent with its positive finding in connection with the third alleged aggravator. These verdicts are not, in my view, inconsistent.
In Bennett v. State, 106 Nev. 135, 137, 787 P.2d 797, 802 (1990), this court held that a murder could be committed during the course of a robbery and without apparent motive where the killing was not necessary to accomplish the underlying crime. If that is so, then the converse may certainly be true. If the jury was unable to conclude that a robbery did occur, but did conclude that Nika was guilty of first-degree murder, it could certainly conclude that the murder was committed at random and apparently *1441 motiveless. The jury was not compelled to believe any or all of the accomplice testimony regarding Nika’s confession, including the portion thereof in which Nika claimed that the victim was shot after referring to Nika in the most insulting of pejorative terms. Also, the overwhelming evidence of Nika’s perfidy when confronted by police upon his arrest in Chicago more than confirms a possible theory of criminality consistent with the third and last alleged aggravator.
To conclude, if a murder committed during the course of a robbery may, under Bennett, be committed at random and without apparent motive, a fortiori, a murder committed under circumstances not amounting to robbery can be found to have been without apparent motive. While the State did go to the jury on a theory that this murder was committed during the course of a robbery, the jury was certainly entitled under this information to conclude that a random and apparently motiveless murder had been committed while finding the evidence insufficient for any number of technical grounds to support, beyond a reasonable doubt, a finding that a robbery had occurred.
The ordinary use of the terms “random” and “without apparent motive,” in the minds of a reasonable jury, could certainly fit the facts of this totally senseless act of homicide.